```
                                           FILED
                                      MISSOULA, MT

                                   2007 JUL 23 PM 4 26

                                      PATRICK E. DUFFY
                                   BY _____
                                        DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ALBERT E. INSUA, | ) | CV 05-131-M-DWM |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| WARDEN J. MCDONALD, | ) | |
| Respondent. | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on June 5, 2007. Petitioner Insua filed objections and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). The parties are familiar with the factual and procedural history, so it will be recited only as necessary.

Judge Lynch recommended dismissing Insua's claims 1a, 1b, 1c, 1d, 1e, 2, 3, 4, 5, 6, 7, and 8, and I agree. Judge Lynch did not list claims 1a and 2 in the recommendation portion of the Findings and Recommendation. This omission, however, appears to be inadvertent because Judge Lynch specifically determined in his findings that those claims should be dismissed.

-1-

In objecting to Judge Lynch's recommendation with regard to claims 1a and 2, Insua argues the state district court failed to adequately advise him of the dangers of self-representation, in violation of his right to counsel under the Sixth Amendment of the United States Constitution and Article II, Section 24 of the Montana Constitution. He asserts the colloquy used by the state district court regarding his right to self-representation should have been more specific, citing Faretta v. California, 422 U.S. 806, 809-10 (1975), and United States v. Hayes, 231 F.3d 1132, 1137-38 (9th Cir. 2000).

In Hayes, the Ninth Circuit held "there must be some instruction or description, however minimal, of the specific dangers of self-representation." Hayes, 231 F.3d at 1137-38. However, the Ninth Circuit declined in Hayes to adopt any standard formula to meet the requirements of Faretta. Id. at 1138. In addition, the Ninth Circuit specifically foreclosed Insua's argument that he was not warned about the rules of court: "In determining whether a defendant legitimately waived counsel, a trial judge must focus on the defendant's understanding of the importance of counsel, not the defendant's understanding of the substantive law or procedural details." Hayes, 231 F.3d at 138. Although the Montana Supreme Court has not adopted the "specific dangers" requirement of Hayes, its focus on the defendant's understanding of the waiver is nonetheless consistent with Hayes. Rather than requiring "a court to recite a litany of dangers about self-representation," Montana requires a court to be

-2-

satisfied that a defendant understands the decision to self-represent and is proceeding voluntarily. State v. Insua, 84 P.3d 11, 15-16 (Mont. 2004). As the Montana Supreme Court noted, this is a stricter standard that satisfies the increased protections guaranteed under the Montana Constitution, and meets Faretta's requirement of a record showing that the defendant "knows what he is doing and his choice is made with eyes open." Id. (citing Faretta, 422 U.S. at 835). It is apparent from the record that the state district court met this standard with Insua. Insua's objections fail to demonstrate that his waiver of counsel was uninformed. The trial court's finding that Insua knowingly and intelligently waived his right to counsel was reasonable, based on its consideration of his background, experience, and conduct.

Judge Lynch recommended dismissing claims 1b and 1c, but did not discuss the reasons for that recommendation. I nevertheless find dismissal of claims 1b and 1c appropriate. These claims concern Insua's trial counsel's failure to subpoena the physician who conducted the rape exam on one of the victims and to introduce the physician's written report into evidence. Insua chose to forego his right to counsel ten minutes before the start of the prosecution's case. Upon deciding to represent himself, Insua had the responsibility and the opportunity to call witnesses and introduce evidence in his defense. "The right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law. [A] defendant who elects to represent himself cannot thereafter complain that

-3-

the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" Faretta, 422 U.S. at 834, n. 46.  The state district court "has a duty to conduct the trial in a speedy and fair manner and has a great amount of discretion in so doing." State v. Dickens, 647 P.2d 338, 341 (1982); Mont. R. Evid. 611.  The physician whose testimony and report are at issue was available during Insua's case-in-chief.  Insua's failure to present the testimony or report as part of his own defense does not amount to ineffective assistance of counsel.

Contrary to Insua's objections, Judge Lynch also rightly recommended dismissing Insua's claims 3 and 4 because the state district court acted within its discretion in limiting the scope of Insua's cross examination and limiting his closing argument to evidence previously introduced.  As the Montana Supreme Court noted, the "Montana Rules of Evidence, Rule 611, directs the court to 'exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence' to 'make the interrogation and presentation effective for the ascertainment of the truth ... [and] avoid needless consumption of time.'"  Insua, 84 P.3d at 18.

Finally, Judge Lynch correctly recommended dismissing Insua's claims 7 and 8 as procedurally defaulted.  Insua failed to present claim 7 as a federal issue and exhaust it in state court before raising it in federal court.  He failed to raise claim 8 in his state petition for post-conviction relief.  Moreover, he has not subsequently shown cause and prejudice or a

fundamental miscarriage of justice with regard to either claim to excuse the default.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #16) are adopted in full. Insua's claims 1a, 1b, 1c, 1d, 1e, 2, 3, 4, 5, 6, 7, and 8 are DISMISSED.

DATED this 23rd day of July, 2007.

Donald W. Molloy, Chief Judge
United States District Court